**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000408**
**11-AUG-2025**
**08:13 AM**
**Dkt. 36 SO**

NO. CAAP-23-0000408

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

AMERICAN EXPRESS NATIONAL BANK, Plaintiff-Appellee, v.
ABRON TOURE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DRC-21-0003357)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Hiraoka and Guidry, JJ.)

Abron **Toure**, representing himself, appeals from the *Judgment* for American Express National Bank (**Amex**) entered by the District Court of the First Circuit, Honolulu Division on July 3, 2023. We affirm.

Amex sued Toure on April 7, 2021, to recover $34,533.08 in credit card debt. Amex moved for summary judgment. Toure filed a response. The District Court granted the motion.[1] Toure moved to set aside the summary judgment. The District Court denied Toure's motion. The Judgment was entered on July 3, 2023. Toure appeals.

Toure's opening brief does not comply with Rule 28(b) of the Hawaiʻi Rules of Appellate Procedure (**HRAP**). To promote access to justice, we do not automatically foreclose him from

---

[1] The Honorable Timothy E. Ho presided.

appellate review because he didn't comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). We address what we discern to be his arguments.

Toure contends the District Court erred by denying his motion to set aside the summary judgment. He argues that Amex's counsel "knowingly made false statements, that [sic] subverted the Law, Rules of Civil Procedure, and Rules of Professional Conduct."

Before we analyze Toure's motion to set aside, we must examine Amex's motion for summary judgment. Summary judgment is appropriate if the record shows there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 342, 418 P.3d 1187, 1198 (2018).

Amex's motion for summary judgment was supported by the affidavit of its assistant custodian of records, Raquel **Hernandez**. Hernandez authenticated Toure's Amex Cardmember Agreement and his account statements showing charges, partial payments, and interest owed. Amex sustained its burden as summary judgment movant. See Cap. One Bank (USA), N.A. v. Huffman, No. CAAP-13-0003149, 2014 WL 6488771 (Haw. App. Nov. 18, 2014) (SDO).

The burden then shifted to Toure to "demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198. Toure's response was not supported by an affidavit or declaration or by any documentary evidence. See District Court Rules of Civil Procedure Rule 56(e); Rules of the District Courts of the State of Hawaiʻi Rule 7(g). Under these circumstances, the District Court did not err by granting Amex's motion for summary judgment.

Toure's motion to set aside requested reconsideration of the summary judgment. A motion for reconsideration allows a party to present new evidence or arguments that could not have been presented during the earlier motion; it "is not time to

2

relitigate old matters." <u>Amfac, Inc. v. Waikiki Beachcomber Inv. Co.</u>, 74 Haw. 85, 114, 839 P.2d 10, 27 (1992). Denial of a motion for reconsideration is reviewed for abuse of discretion. <u>Id.</u> at 114, 839 P.2d at 26.

Toure's motion argued he had "[a] document/letter in [his] possession from American Express that calls into question [Amex]'s attorney's claim the debt was not assigned to a third party." The document/letter was not attached. Toure's opening brief refers to documents attached to his notice of appeal to support his argument that Amex "concealed the fact the debt had been assigned." We disregard those documents because they were not presented to the District Court and are not in the record on appeal. <u>See</u> HRAP Rules 10(a) & 28(b)(10). Toure's motion to set aside didn't explain why the documents could not have been presented to the District Court with his response to Amex's motion for summary judgment. Under these circumstances, the District Court did not abuse its discretion by denying Toure's motion to set aside.

The *Judgment* entered by the District Court on July 3, 2023, is affirmed. Toure's motion for retention of oral argument is denied.

DATED: Honolulu, Hawaiʻi, August 11, 2025.

On the briefs:

Abron Toure,
Self-represented
Defendant-Appellant.

Jason M. Oliver,
for Plaintiff-Appellee
American Express National
Bank.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge